UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-2811-TORRES

UNITED STATES OF AMERICA

v.

EDUARDO ENRIQUE MENDOZA OLIVAR, et al.

        Defendants.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

        Respectfully Submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By: _____
      YVONNE RODRIGUEZ-SCHACK
      Assistant United States Attorney
      Florida No. 794686
      99 Northeast 4th Street, Suite 700
      Miami, Florida 33132
      305.961.9014
      305.536.7213 Facsimile

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Eduardo Enrique Mendoza Olivar,<br>Johnny Henry Jones,<br>Jose Inosente Reyes, and<br>Alexis Josue Varela,<br>*Defendant(s)* | )<br>)<br>) Case No. 15-2011-TORES<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 27, 2015__ in the county of __Miami-Dade__ in the _____ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Did knowingly and willfully conspire to possess with the intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. 70506(b). Pursuant to Title 46 U.S.C. § 70506(a), and Title 21 U.S.C. § 960(b)(1)(G), it is further alleged that this violation involved one thousand kilograms or more of a mixture and substance containing a detectable amount of marihuana. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David Brockman, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __06/12/2015__

_____
*Judge's signature*

City and state: __Miami, Florida__   Hon. Edwin G. Torres, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, David J. Brockman, being duly sworn, depose and state as follows:

1. I am a Special Agent with the United States Drug Enforcement Administration ("DEA") and have been so employed since June 2010. As a DEA Special Agent, I have participated in the investigation of numerous narcotic trafficking cases. I have received specialized training on the subject of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions.

2. I submit this Affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein. This Affidavit does not include all the information known to me, but only information sufficient to establish probable cause for the arrest of Eduardo Enrique MENDOZA OLIVAR, Johnny Henry JONES, Jose Inosente REYES, and Alexis Josue VARELA, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

3. On May 27, 2015, a go-fast vessel was detected travelling in international waters and upon the high seas approximately 100 miles south of San Andres Island, Colombia. The go-fast was described as approximately 40' in length with a fiberglass hull and three outboard motors. The go-fast had a large number of fuel drums on board. The go-fast had no name and appeared to be unregistered. The UCGC *Resolute* approached the go-fast in order to investigate. Once the crew of the go-fast detected the USCG's presence, the crew began jettisoning numerous bales of suspected narcotics into the sea.

4. The USCG Resolute was able to stop and secure the go-fast and its crew. During the right of approach questioning, no claim of nationality was made for the go-fast. USCG requested and was issued a Statement of No Objection (SNO) to treat the vessel as without nationality. While the USGC was conducting its boarding, the go-fast's crew made a verbal claim of Costa Rica nationality for themselves and the vessel. Based on the verbal claim of nationality, the United States contacted the Government of Costa Rica. The Government of Costa Rica denied the vessel's nationality. USCG personnel continued their boarding under the Statement of No Objection. USCG recovered a total of 62 bales weighing approximately 3,100 pounds which tested positive for marijuana. The go-fast was unable to be towed and was destroyed as a hazard to navigation.

5. The four crew members on board the go-fast were identified as Eduardo Enrique MENDOZA OLIVAR, Johnny Henry JONES, Jose Inosente REYES, and Alexis Josue VARELA. All four crew members were detained for officers' safety and later transferred to the USCG *Resolute*. Subsequently, the USCG *Resolute* transferred custody of the four crew members to the USCG *Vigilant*.

6. On June 12, 2015, USCG *Vigilant* arrived in Miami-Dade County, Florida were the MENDOZA OLIVAR, JONES, REYES and VARELA first entered the United States. USCG transferred custody of the four crew members to United States law enforcement officers.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DAVID J. BROCKMAN, SPECIAL AGENT
DRUG ENFORCEMENT ADMISITRATION

Subscribed and sworn to me
before this 12th day of June, 2015.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE