UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20463-CR-WILLIAMS/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXIS JOSUE VARELA, and
JOHNNY HENRY JONES,

    Defendants
_____/

## ORDER DENYING MOTION TO COMPEL

Presently pending before this Court is Defendant's Motion to Compel Discovery, filed by Defendant Alexis Josue Varela, ECF No. [86], and adopted by Co-Defendant Johnny Henry Jones, ECF No. [97]. This motion was referred to the undersigned Magistrate Judge by the Honorable Kathleen M. Williams, United States District Judge, ECF No. [87]. Based upon the Order entered by the undersigned Magistrate Judge, Defendant Varela filed a separate Memorandum of Law in Support of his Motion, ECF No. [95]. The Government responded in opposition, ECF No. [102], and Defendant Varela filed a Reply, ECF No. [109]. For the reasons stated below, the Motion is DENIED.

    I.    THE INDICTMENT

Defendants Alexis Josue Varela and Johnny Henry Jones, together with two co-defendants are charged in a two-count Indictment with conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b) (Count 1); and possession with intent to distribute at least 1,000 kilograms of marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1) and

Title 18, United States Code, Section 2 (Count 2).  The Indictment alleges that these offenses occurred on or about May 27, 2015, ECF No. [11].

According to the Criminal Complaint, the Defendants were arrested on May 27, 2015, while on board a go-fast vessel on the high seas, after the United States Coast Guard saw them jettisoning bales of marijuana into the sea.  ECF No. [1].

## II.     THE MOTION TO COMPEL

The Defendants seeks to compel the Government to provide the following information:

> Any and all documents detailing the conversations between officials of the United States and Costa Rica regarding the nationality of the vessel in this case.  Additionally, the defense is requesting the names and addresses of the participants in this conversation from the United States and Costa Rica, so an attempt to interview and/or subpoena them can be made by the defense.

The Defendants initially contended that the nationality of the vessel was an element of the offenses charged and that this information was necessary to prepare the defense, ECF No. [86] at 1.  In the subsequently filed Memorandum of Law, the defendants conceded that the Government was permitted to prove the nationality of the vessel in a pretrial proceeding, but contended that an investigation was still necessary to ensure that the government's offer of proof is accurate, ECF No. [95] at 1-2.  Attached to the Memorandum of Law is the sworn Certification for the Maritime Drug Law Enforcement Act by United States Coast Guard Commander Gregory M. Tozzi, which describes the seizure of the vessel at issue on the high seas; and, avers that the four persons on board claimed Costa Rican nationality for the vessel, but that no registration documents were provided or located by the United States law enforcement personnel who searched the vessel.  In addition, the Certification avers that the Government of the United States requested the Government of Costa Rica to confirm the registry of the vessel, and that the Government of Costa Rica responded and was unable to assert affirmatively and

unequivocally that the vessel was of Costa Rican nationality.  Therefore, the United States determined that the vessel was without nationality pursuant to 46 U.S.C. § 70502(d)(1)(C), and was subject to the jurisdiction of the United States pursuant to 46 U.S.C. § 70502(c)(1)(A).  ECF No. [95-1].

The Defendants asserted that the above Certification did not provide the names of the government officials involved in the communications, and that they needed the requested information to investigate the accuracy of the Certification. ECF No. [95] at 3.

In response, the Government asserted that pursuant to 46 U.S.C. § 70502(d)(2), the response by the Costa Rican government was proven conclusively by the above Certification and, therefore, there was no need for discovery regarding the communications between the United States and Costa Rica. ECF No. [102] at 2.

In Reply, the Defendants withdrew the previous assertion that the jurisdiction of the United States with respect to a vessel on the high seas is an element of the offense, but nevertheless claimed that the legal analysis with respect to discovery remained the same.  In addition, although they acknowledge, as they must, that 46 U.S.C. § 70502(d)(2) provides that the response of Costa Rica is conclusively proven by the Certification, they argue that the United States has cited "no case law for their bald assertion that the defense is not entitled to investigate the accuracy of the factual underpinnings of the Certificate." ECF No. [109] at 2.  The Defendants argued further that if the Government's position regarding discovery was correct, a defendant "would never be able to investigate the accuracy of the government's representations."  ECF No. [109] at 2.

### III. LEGAL ANALYSIS

The Defendants are charged with violating, and conspiring to violate, 46 U.S.C. § 70503(a)(1), which makes it a crime to knowingly or intentionally possess with intent to distribute a controlled substance on board "a vessel subject to the jurisdiction of the United States."  The term "vessel subject to the jurisdiction of the United States is

3

defined in 46 U.S.C. § 70502(c)(1)(A) as including a "vessel without nationality," which in turn, is defined in subsection 70502(d)(1)(C) as "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." In this regard, subsection 70502(d)(2) explicitly states, "The response of a foreign nation to a claim of registry under paragraph (1)(A) or (C) may be made by radio, telephone or similar oral or electronic means, and is proved conclusively by certification of the Secretary of State or the Secretary's designee." The jurisdictional issue is a preliminary question of law to be determined solely by the trial judge. 46 U.S.C. § 70504(a).

In *United States v. Campbell*, 743 F.3d 802, 806-09 (11th Cir. 2014), the Eleventh Circuit upheld the constitutionality of the above statutory scheme, and held, inter alia, that the admission of the Secretary of State's Certification that the foreign government, Haiti, could neither confirm nor deny the registry of the defendant's vessel did not violate the confrontation clause; and, that the certification provided conclusive proof that the vessel was within the jurisdiction of the United States. The Court noted at the outset that the statute did not require the certification to include the details of how an official received, or from whom the official received, the response to a claim of registry from a foreign nation. 743 F.3d at 806. The Court then rejected the contention that the certification at issue was insufficient since it did not contain details about the communications between the Coast Guard and Haiti. 743 F.3d at 809.[1]

In the case at bar, the Defendants seek discovery concerning the communications between the government of the United States and the government of Costa Rica for the purpose of undermining the response of the Costa Rican government set forth in the

---

[1] The Court noted that the defendant had stipulated to the admission of representations by the Coast Guard. 743 F.3d at 809.

Certification.  The statute, however, provides that the certification provides conclusive proof of that response.  The common understanding of the term "conclusive" means that something cannot be challenged; or as defined by Black's Law Dictionary, "'conclusive evidence' is:  1. Evidence so strong as to overbear any other evidence to the contrary. — Also termed *conclusive proof.* 2. Evidence that so preponderates as to oblige a fact-finder to come to a certain conclusion."  EVIDENCE, Black's Law Dictionary (10th ed. 2014).  Therefore, the discovery sought by the defendants in the case at bar is irrelevant.  Under the terms of the statute, regardless of what the defendants discovered about the communications with Costa Rica, the Certification of the Secretary of State provides conclusive evidence of the response of the Costa Rican government regarding the claim of registry.  By enacting this provision, Congress determined that it did not want to permit challenges to the Certification in this regard.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Defendant Varela's Motion to Compel Discovery, ECF No. [86], adopted by Defendant Jones, ECF No. [97] is DENIED.

**DONE AND ORDERED** in chambers in Miami, Florida on October 13, 2015.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Kathleen M. Williams, United States District Judge
All counsel of record