UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-CR-20463-WILLIAMS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHNNY HENRY JONES,

        Defendant.

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT JONES'** *PRO SE* **"MOTION TO CORRECT OR REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT[S] 782, 788 AND PURSUANT TO § 3B1.2 MINOR ROLE ADJUSTMENT"**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to defendant Johnny Henry Jones' *pro se* motion seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782, 788, and 794 of the Sentencing Guidelines. As explained below, this Court should deny Jones' motion because the Sentencing Guidelines amendments that form the basis of his motion took effect before Jones was sentenced in this case and he was sentenced under the 2015 Sentencing Guidelines Manual.

**Course of Proceedings**

On June 19, 2015, a federal grand jury sitting in the Southern District of Florida returned a two-count indictment charging defendant Johnny Henry Jones and three co-defendants with conspiring to possess with intent to distribute 1000 kilograms of marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(b)

and 21 U.S.C. § 960(b)(1)(G) (Count 1); and possessing with intent to distribute 1000 kilograms of marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(G) (Count 2) (DE11).

Jones, pursuant to a written plea agreement with the United States, pled guilty to conspiring to possess with intent to distribute 100 kilograms or more of marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of § 46 U.S.C. § § 70503(a) and 70506(b), which was a lesser included offense of Count 1 (DE 129). As part of the plea agreement, the parties agreed that: (1) pursuant to USSG § 2D1.1(a) and (c) Jones was responsible for 1,409 kilograms of marijuana; (2) neither party would seek an upward or downward adjustment for role in the offense under USSG § 3B1.1 and § 3B1.2; (3) a three-level reduction for acceptance of responsibility was appropriate; (4) the parties would jointly recommend an 87-month term of imprisonment; and (5) neither party would seek any adjustments, departures, or variances (DE 129:3-4).

A presentence investigation report ("PSI") applying the 2015 Sentencing Guidelines Manual was prepared prior to sentencing. The PSI assigned a base offense level of 30 pursuant to USSG § 2D1.1(a), (c)(5) because Jones was responsible for at least 1,000 but less than 3,000 kilograms of marijuana (PSI ¶ 18). No role adjustment was applied because the four defendants were equally culpable (PSI ¶ 14, ¶ 21). Three levels were deducted for acceptance of responsibility, which gave Jones an adjusted offense level of 27 (PSI ¶¶ 25-27). With a criminal history category of I (PSI ¶ 30), Jones' guideline range was 70 to 87 months of imprisonment (PSI ¶ 50). He also faced a statutory mandatory minimum sentence of 5 years (60 months) of imprisonment (PSI ¶ 49).

No written objections were filed to the PSI. On February 1, 2016, this Court adopted the PSI and sentenced Jones to 70 months of imprisonment, four years of supervised release, and a $100 assessment (DE 165; DE 171).

Jones subsequently filed a *pro se* motion seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782, 788, and 794 of the Sentencing Guidelines (DE 182). The United States' response is due on October 31, 2016. *See* Local Rule 7.1(c)(1)(A), United States District Court for the Southern District of Florida.

### Legal Argument

Jones is entitled to no relief under § 3582(c)(2) because the Sentencing Guidelines amendments that form the basis of his motion took effect before Jones was sentenced in this case. In addition, Amendment 794 has not been made retroactive by the Sentencing Commission.

The statutory basis for Jones' motion, 18 U.S.C. § 3582(c)(2), provides that, in cases where the defendant was sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission, the District Court may reduce the term of imprisonment if such a reduction is consistent with the applicable policy statements issued by the Commission, *i.e.*, if the guideline amendment that would lower the sentencing range is listed in USSG § 1B1.10(d). *See* USSG § 1B1.10(a), p.s. (2015).

A motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (noting that "for a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and

3

is listed under § 1B1.10(c)")[1]; *see also United States v. Diaz-Clark*, 292 F.3d 1310, 1315-19 (11th Cir. 2002) (district court does not have inherent authority to reduce a sentence in a criminal case). Under § 3582(c)(2), Congress has allowed for limited exceptions to the rule of finality, but only where a sentence of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Thus, only amendments, clarifying or not, listed under subsection (d) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2).

Jones relies on Amendments 782, 788, and 794 to the Sentencing Guidelines in support of his motion (DE 182). In Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, the Sentencing Commission lowered the penalties for the majority of drug offenses by reducing most offense levels on the 2D1.1 Drug Quantity Table by two levels, and making related adjustments. In Amendment 788, also effective November 1, 2014, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates, which resulted in Amendment 782 being listed in § 1B1.10(d).[2]

Amendment 794 amended the commentary to USSG § 3B1.2 ("Mitigating Role") "to further clarify the factors for a court to consider for a minor-role adjustment" and added a "non-exhaustive list of factors" that "includes many of the same factors" delineated by the Eleventh Circuit in *United States v. DeVaron*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc), "including the defendant's role in planning and carrying out the scheme, as well as the amount the defendant

---

[1]   The Guidelines, as subsequently amended, list all retroactive amendments in § 1B1.10(d).

[2]   The Court applies "the version of § 1B1.10 that is in effect on the date on which the court reduces the term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." USSG § 1B1.10, comment. (n.8) (2015).

4

stood to be paid." *United States v. Cruickshank*, No. 14-13754, __ F.3d __, 2016 WL 5075936, *7 (11th Cir. Sept. 20, 2016). The Amendment also resolved a circuit split concerning how sentencing courts determine whether a defendant is "substantially less culpable than the average participant" in the offense. Amendment 794, effective November 1, 2015, adopted the approach that the defendant is to be compared with other participants in the crime, not with a hypothetical average participant. USSG App. C, Amend. 794. Amendment 794 has not been given retroactive effect. *See* USSG § 1B1.10(d) (listing all retroactive amendments).

Because Amendments 782, 788, and 794 were not *subsequently* enacted Guidelines amendments as to Jones, and because Amendment 794 has not been made retroactive, Jones cannot invoke those amendments to support a motion for modification of his sentence under § 3582(c)(2). Amendments 782 and 788 took effect on November 1, 2014, and Amendment 794 took effect on November 1, 2015. The Court applied the 2015 Guidelines Manual when calculating Jones' guideline range and imposing sentence on February 1, 2016 (PSI, cover page; DE 165). Thus, by the plain language of the statute, Amendments 782, 788, and 794 afford Jones no relief under 18 U.S.C. § 3582(c)(2). *See Armstrong*, 347 F.3d at 909; *United States v. Morris*, 331 F. App'x 653, 654 (11th Cir. 2009) (Sentencing Guidelines amendments that took effect before defendant had been sentenced did not have effect of subsequently lowering his guidelines range after his sentence had been imposed).

5

**Conclusion**

This Court should deny Jones' motion under § 3582(c)(2) because the Sentencing Guidelines amendments that form the basis of his motion took effect before he was sentenced in this case.

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

    s/ *Anne R. Schultz*
    ANNE R. SCHULTZ
    ASSISTANT UNITED STATES ATTORNEY
    Florida Bar No. 377252
    99 N.E. 4th Street, Suite 825
    Miami, Florida 33132
    Tel:  (305) 961-9117
    Fax:  (305) 536-7214
    Email:  anne.schultz@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 31, 2016, I electronically filed the foregoing response with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served today on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF, and by United States mail on defendant Johnny Henry Jones, proceeding *pro se*, Registration No.06178-104, D. Ray James, Correctional Institution, Post Office Box 2000, Folkston, GA 31537.

    s/ *Anne R. Schultz*
    ANNE R. SCHULTZ
    ASSISTANT UNITED STATES ATTORNEY